**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KAREN POTTS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1: 19-cv-02005-WHP |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| v. | ) ) | |
| WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| JOHN JUBELT, Individually, and On Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:19-cv-02528-WHP |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| v. | ) ) | |
| WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF DAVID LUEBBE TO
CONSOLIDATE RELATED ACTIONS TO BE APPOINTED LEAD PLAINTIFF
<u>AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL</u>**

## TABLE OF CONTENTS

**Page:**

PRELIMINARY STATEMENT ....................................................................................................... 1

PROCEDURAL BACKGROUND.................................................................................................... 2

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT ................................................................................................................................... 5

I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ........................... 5

II.     MR. LUEBBE SHOULD BE APPOINTED LEAD PLAINTIFF ...................................... 5

    A.      The Procedural Requirements of the PSLRA ........................................................... 5

    B.      Mr. Luebbe is "The Most Adequate Plaintiff"......................................................... 6

        1.      Mr. Luebbe has Complied With the PSLRA and
             Should Be Appointed Lead Plaintiff............................................................ 6

        2.      Mr. Luebbe Has the Largest Financial Interest............................................ 7

        3.      Mr. Luebbe Satisfies the Requirements of Rule 23 ..................................... 7

             i.      Mr. Luebbe's Claims are Typical of the Claims
                   of All the Class Members .................................................................. 8

             ii.     Mr. Luebbe Will Adequately Represent the Class.......................... 9

III.    THE COURT SHOULD APPROVE MR. LUEBBE'S
       CHOICE OF LEAD COUNSEL ...................................................................................... 10

CONCLUSION.............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s):**

**Cases**

*Daniels v. City of N.Y.*,
198 F.R.D. 409, 418 (S.D.N.Y. 2001) .................................................................................. 10

*Ferrari v. Impath*,
No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) ................... 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 5

*In re Oxford Health Plans, Inc., Sec. Litig.*,
182 F.R.D. 42, 43-44 (S.D.N.Y. 1998) ............................................................................. 6, 8

*In re Party City*,
189 F.R.D. 91, 106 (D.N.J. 1999) ........................................................................................ 9

*Primavera Familienstiftung v. Askin*,
73 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................ 5

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590, 598 (2d Cir. 1986) ........................................................................................ 9

*Sczensy Trust v. DiCamillo*,
223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) ............................................................................ 9

*Sofran v. Labranche & Co.*,
220 F.R.D. 398, 401 (S.D.N.Y. 2004) .................................................................................. 6

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248, 252 (S.D.N.Y. 2003) .................................................................................. 8

*Wilder v. Bernstein*,
499 F. Supp. 980, 922 (S.D.N.Y. 1980) ............................................................................... 9

**Statutes**

15 U.S.C. § 78 ............................................................................................................. passim

**Rules**

Fed. R. Civ. P. 23 .................................................................................................... 2, 8, 9

Fed. R. Civ. P. 42(a) ...................................................................................................... 5

**Regulations**

17 C.F.R. § 240.10b-5 ..................................................................................................... 1

**PRELIMINARY STATEMENT**

David Luebbe ("Mr. Luebbe" or "Movant") respectfully moves this Court for an Order: (1) consolidating related securities class actions filed against Weight Watchers International, Inc. ("Weight Watchers" or the "Company") and other Defendants;[1] (2) appointing Mr. Luebbe as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

Mr. Luebbe fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart, attached as Exhibit A and Exhibit B, respectively, to the Declaration of Kim E. Miller in Support of the Motion of David Luebbe to Consolidate Related Actions, to Be Appointed Lead Plaintiff, and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl."), Mr. Luebbe has suffered substantial losses because of his purchases of Weight Watchers common stock from May 4, 2018 and February 26, 2019, inclusive (the "Class Period"). To the best of his knowledge, Mr. Luebbe has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Luebbe's Certification demonstrates his intent to serve as Lead Plaintiff in this matter,

---

[1] The related securities class actions include *Karen Potts v. Weight Watchers International, Inc., et al.*, No. 19-cv-02005-WHP (S.D.N.Y), filed on March 4, 2019 and *John Jubelt v. Weight Watchers International, Inc., et al.*, No. 1: 19-cv-02528-WHP (S.D.N.Y.) filed on March 21, 2019.

including his cognizance of the duties of serving in that role. *See* Miller Decl. at Ex. A. Moreover, Mr. Luebbe satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Luebbe respectfully submits this Memorandum of Law in Support of his Motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an Order: (1) consolidating all related actions; (2) appointing Mr. Luebbe as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving his choice of KSF as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against Defendants, *Karen Potts v. Weight Watchers International, Inc., et al.*, No.1:19-cv-02005-WHP (S.D.N.Y), was filed in this District on March 4, 2019. An additional lawsuit was filed in this District on March 21, 2019, captioned *John Jubelt v. Weight Watchers International, Inc., et al.*, No. 1:19-cv-02528-WHP (S.D.N.Y.).

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on March 4, 2019, the first Notice that a class action had been initiated against Defendants was published on *BusinessWire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from that day, or May 3, 2019. *See* Miller Decl. at Ex. C. Mr. Luebbe is a Class Member who has timely filed this motion within the 60-day period following publication of the March 4, 2019 Notice. *See* Miller Decl. at Ex. C.

## STATEMENT OF FACTS[2]

Defendant Weight Watchers provides subscription-based weight management and

---

[2] These facts were derived from the *Potts* Complaint.

general health products and services. Weight Watchers is a Virginia corporation with its principal executive offices located in New York, New York. Weight Watchers' common stock formerly traded on the NASDAQ under the ticker symbol "WTW"; however, effective April 22, 2019, the Company adopted "WW" as its new ticker symbol. At all relevant times, Defendant Mindy Grossman ("Grossman") served as the Company's President and Chief Executive Officer ("CEO"); Defendant Nicholas P. Hotchkin ("Hotchkin") is and was at all relevant times, the Company's Chief Financial Officer ("CFO");. Defendant Artal Group S.A., together with its parents and its subsidiaries (collectively, "Artal"), is the controlling shareholder of Weight Watchers. Defendants Grossman and Hotchkin are collectively referred to herein as the "Individual Defendants." Defendant Weight Watchers, the Individual Defendants, and Defendant Artal are referred to herein collectively as "Defendants."

Throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts regarding the Company's business, operations, and prospects. Specifically, Defendants failed to disclose that: (i) the Company was experiencing diminished subscriber demand due to greatly increased competition from smartphone fitness apps, meal-delivery services, and other tech advances resulting in lower new subscriber growth and subscriber retention rates; (ii) because of diminished subscriber growth combined with a much larger-than-expected number of fourth quarter subscription lapses, it was highly unlikely that the Company would retain four million subscribers by the end of 2018; (iii) the Company was not on track to grow its subscriber count to five million or to drive annual revenues to more than $2 billion by the end of 2020; (iv) a decrease in subscriber count would result in decreased revenues and profits; and (v) as a result of the foregoing, Defendants' positive statements about Weight Watchers' business, operations, and prospects, were materially false

3

and misleading and/or lacked a reasonable basis at all relevant times, artificially inflating the price of Weight Watchers' common stock to more than $103 per share during the Class Period.

On May 3, 2018, after the close of trading, Weight Watchers announced its financial results for the first quarter of fiscal 2018 and raised its full year fiscal 2018 earnings guidance, highlighting that "End of Period Subscribers in Q1 2018 up 29% year-over-year to a record 4.6 million"; "Total Paid Weeks in Q1 2018 up 27% year-over-year"; "Revenues in Q1 2018 of $408 million, up 24%, or 20% on a constant currency basis, year-over-year"; and "Raised FY 2018 earnings guidance to an EPS range of $3.00 to $3.20." Throughout the Class Period, despite a continuing decline in subscribers, Defendants continued to raise Weight Watchers' FY18 financial guidance and make other bullish statements reassuring investors of the Company's strong performance and prospects.

On February 26, 2019, after market close, Weight Watchers revealed the truth via a press release and a conference call conducted with investors and stock analysts that its 4Q18 subscriber count had continued to decline down to 3.9 million subscribers and that enrollment would continue to decline during FY2019. Further, the Company's FY2019 revenue target was downgraded to $1.4 billion, much less than the nearly $1.7 billion it had led the market to expect, and EPS had decreased to $1.25-$1.50, significantly lower than market expectations of $3.36. This news caused Weight Watchers' stock price to fall from $29.57 per share at the close of trading on February 26, 2019 to $19.37 per share at the close on February 27, 2019 on unusually high trading volume of more than 37.4 million shares trading.

Defendants materially misled the investing public during the Class Period, thereby inflating the value of the stock. The material misstatements resulted in Mr. Luebbe and other members of the Class purchasing Weight Watchers securities for inflated values, thus causing

4

damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

## I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. The Federal Rules of Civil Procedure provide for consolidation of related actions brought under the federal securities laws. *See* Fed. R. Civ. P. 42(a). Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id.*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998). Accordingly, consolidation of any pending and future filed cases with the instant action is warranted here.

## II.     MR. LUEBBE SHOULD BE APPOINTED LEAD PLAINTIFF

### A.      The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1), (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing putative class members of their right to file a motion for

appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published on *Business Wire* on March 4, 2019. *See* Miller Decl. Ex. C. The notice specified that applications for appointment as Lead Plaintiff were to be made no later than no later than 60 days from that day, or May 3, 2019. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who the "most adequate plaintiff" is, the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa)  has either filed the complaint or made a motion in response to a notice…
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.    Mr. Luebbe is the "Most Adequate Plaintiff"

#### 1.    Mr. Luebbe has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff under 15 U.S.C. §§ 78u-4(a)(3)(A-B) expires on May 3, 2019. Pursuant to the provisions of the PSLRA

6

and within the requisite time frame after publication of the required notice (published on March 4, 2019), Mr. Luebbe timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, Mr. Luebbe has sustained a substantial loss from his investment in Weight Watchers common stock and has shown his willingness to represent the class by signing a Certification detailing his transactions in Weight Watchers common stock during the Class Period. *See* Miller Decl. Ex. A. As demonstrated by his certification, Mr. Luebbe is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Luebbe has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration.

### 2.      Mr. Luebbe Has the Largest Financial Interest

During the Class Period, as evidenced by the accompanying signed certification, Mr. Luebbe purchased Weight Watchers common stock in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. *See* Miller Decl. Ex. A. In addition, Mr. Luebbe incurred a substantial loss on his transactions in Weight Watchers common stock as detailed in his Loss Chart. *See* Miller Decl. Ex. B. To the best of his knowledge, Mr. Luebbe thus has the largest financial interest in the relief sought. Therefore, Mr. Luebbe satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.      Mr. Luebbe Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y]

the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. 91, 106 (D.N.J. 1999) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'"). As detailed below, Mr. Luebbe satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. *See also* Certification of David Luebbe in Support of His Motion to Consolidate Related Actions, to Be Appointed Lead Plaintiff, and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Luebbe Decl.") attached to the Miller Declaration at Exhibit A.

### i. Mr. Luebbe's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties"

8

are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Luebbe's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Mr. Luebbe and all the other Class Members: (1) purchased Weight Watchers common stock during the Class Period; (2) purchased Weight Watchers common stock in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated common stock and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Luebbe's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same illegal practices.

### ii.   Mr. Luebbe Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met: (1) by the absence of potential conflicts between the

named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Luebbe is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Luebbe, who purchased Weight Watchers common stock at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Luebbe are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Luebbe's interests and those of the other members of the Class. Furthermore, Mr. Luebbe has retained competent and experienced counsel to prosecute these claims. Mr. Luebbe's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Luebbe *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

## III.    THE COURT SHOULD APPROVE MR. LUEBBE'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Mr. Luebbe has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Miller Decl. Ex. D. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Mr. Luebbe respectfully requests that this Court: (1) consolidate the related actions; (2) appoint Mr. Luebbe to serve as Lead Plaintiff in this

consolidated action; (3) approve Mr. Luebbe's selection of KSF as Lead Counsel for the Class;

and (4) grant such other and further relief as the Court may deem just and proper.

DATED: May 3, 2019                           Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller (KM-6996)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Movant David Luebbe and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2019 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all

CM/ECF participants. I further certify that I mailed the foregoing document and the notice of

electronic filing via U.S. first-class mail to any non-CM/ECF participants.

*/s/ Kim E. Miller*
Kim E. Miller

11