**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

*[Proposed] Co-Lead Counsel for Movants and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN POTTS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A.,<br><br>Defendants. | **CASE No.: 1:19-cv-02005-WHP**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK STEINBERG, DENNIS EDWARDS, AND ALAN SPEN TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

| | |
|---|---|
| JOHN JUBELT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A.,<br><br>Defendants. | **CASE No.: 1:19-cv-02528-WHP**<br><br>**CLASS ACTION** |

Plaintiffs Mark Steinberg, Dennis Edwards, and Alan Spen ("Movants") respectfully submit this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movants as Lead Plaintiffs for the class of all purchasers or acquirers of Weight Watchers International, Inc. ("Weight Watchers" or the "Company") securities between May 4, 2018 and February 26, 2019, both dates inclusive (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

This action was commenced on March 4, 2019 against the Defendants for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related action styled as *Jubelt v. Weight Watchers International, Inc., et al.,* Case

No. 1:19-cv-01947-RA (the "*Jubelt* Action") was subsequently filed in this Court asserting the same facts and claims as the instant action.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Weight Watchers was experiencing diminished subscriber demand attributable to the onslaught of new competing smartphone fitness apps, meal-delivery services, and other tech advances that were driving down Weight Watchers' new subscriber growth and subscriber retention rates; (2) diminished subscriber growth, when coupled with a much larger number of fourth quarter subscription lapses than Weight Watchers would typically experience, made it highly unlikely that Weight Watchers would retain four million subscribers by the end of 2018; (3) Weight Watchers was not on track to grow its subscriber count to five million or to drive annual revenues to more than $2 billion by the end of 2020; (4) a decreased subscriber count would result in decreased revenues profits; and (5) as a result, Defendants' statements about Weight Watchers' business metrics and financial prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

4

As set forth below, Movants satisfy the above criteria, have the largest financial interest of any movant in this litigation, and are therefore the most adequate plaintiffs and should be appointed as Lead Plaintiffs.

## A.    Movants Are Willing to Serve as Class Representatives

Movants have timely filed the instant motion in response to a PSLRA early notice, and have filed herewith PSLRA certifications attesting that Movants are willing to serve as representatives of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

## B.    Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost $1,038,609 in connection with purchases of Weight Watchers securities. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Weight Watchers securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

**C.      Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1.      Movants' Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about Weight Watchers' business and financial condition. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2.    Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Weight Watchers securities and are therefore, extremely motivated to pursue claims in this action.

Additionally, the Movants are a small and cohesive group of investors, who have demonstrated their adequacy by the submission of a Joint Declaration attesting to their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Ex. 4 hereto.

### D.    Movants Are Presumptively the Most Adequate Plaintiffs

7

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants is the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

Furthermore, before filing this motion, Movants agreed to move together as a group with Rosen Law and Pomerantz as proposed Co-Lead Counsel. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs for the Class.

## III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Counsel. The firms have been actively researching Movants' and Class Plaintiffs' claims, as well

as reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement); and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement), and are experienced in the area of securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions in this District and in other courts throughout the nation. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The firms' resumes are attached as Exhibits 5 and 6 hereto.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs of the Class; (3) approving Movants' selection of The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 3, 2019                    Respectfully submitted,

                                     **THE ROSEN LAW FIRM, P.A.**

                                     /s/ Phillip Kim

9

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*[Proposed] Co-Lead Counsel for Movants and Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11