**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN POTTS, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-02005-WHP |
| Plaintiff, | The Honorable William H. Pauley III |
| v. | |
| WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., | <u>CLASS ACTION</u> |
| Defendants. | |
| JOHN JUBELT, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-02528-WHP |
| Plaintiff, | The Honorable William H. Pauley III |
| v. | |
| WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., | <u>CLASS ACTION</u> |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**EQUITY-LEAGUE PENSION TRUST FUND AND OKLAHOMA FIREFIGHTERS**
**PENSION AND RETIREMENT SYSTEM FOR CONSOLIDATION OF CASES,**
<u>**APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**</u>

**TABLE OF CONTENTS**

Page

I.    PRELIMINARY STATEMENT ............................................................................... 1

II.   PROCEDURAL BACKGROUND........................................................................... 3

III.  FACTUAL BACKGROUND.................................................................................. 3

      A.   The Weight Watchers Investor Group ....................................................... 3

      B.   The Class Actions ...................................................................................... 4

IV.   ARGUMENT ......................................................................................................... 6

      A.   The Class Actions Should Be Consolidated .............................................. 6

      B.   The Weight Watchers Investor Group Is The Most Adequate Plaintiff ..................... 7

           1. The Weight Watchers Investor Group Has the Largest Financial Interest ............ 7

           2. The Weight Watchers Investor Group Satisfies The Typicality and Adequacy
           Requirements of Rule 23 ......................................................................... 9

           3. The Weight Watchers Investor Group Is An Appropriate "Group of Persons"
           Under the PSLRA ................................................................................... 12

      C.   The Court Should Approve The Weight Watchers Investor Group's Selection of
           Counsel .................................................................................................... 13

V.    CONCLUSION..................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baydale v. American Express Co.*,
   09 Civ. 3016(WHP), 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009) ...............................7, 8, 10

*Canson v. WebMD Health Corp.*,
   No. 11 Civ. 5382(JFK), 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011)....................................11

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992).................................................................................................10

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................7

*In re Gen. Motors Corp. Securities Litig.*,
   M.D.L. No. 1749 (E.D. Mich.) ..............................................................................................14

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................................................................11

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ...........................................................................................10

*Gordon v. Sonar Capital Mgmt. LLC*,
   No. 11 Civ. 9665(JSR), 2012 WL 1193844 (S.D.N.Y. Apr. 9, 2012)....................................13

*Ho v. NQ Mobile, Inc.*,
   No. 13 Civ. 7608(WHP), 2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) ...........................6, 8, 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................8

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...............................................7

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*,
   No. 00-3605(DRD), 2000 WL 33173017 (D.N.J. Nov. 16, 2000) .........................................12

*Lu v. Jumei Int'l Holding Ltd.*,
   No. 14cv9826, 2015 WL 4104570 (S.D.N.Y. June 22, 2015)..................................................7

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015).....................................................................................12

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................8

*In re Oxford Health Plans, Inc., Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................... 12-13

*Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ..............................................................7, 8, 9, 10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................13

*Reimer v. Ambac Fin. Grp., Inc.*,
    No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008)................................12, 13

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................13

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) .........................................................................9

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(ii), *et seq.* .........................................................2, 6, 7, 10, 14

H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .....................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................2, 9

Fed. R. Civ. P. 42(a) ........................................................................................2, 6

Equity-League Pension Trust Fund ("Equity League") and Oklahoma Firefighters Pension and Retirement System ("OFP") (together, the "Weight Watchers Investor Group") respectfully submit this memorandum of law in support of their motion for an order (i) consolidating the two above-captioned putative class actions pending in this District against Weight Watchers International, Inc. ("Weight Watchers" or the "Company"); (ii) appointing the Weight Watchers Investor Group as Lead Plaintiff in the resulting consolidated class action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving the Weight Watchers Investor Group's selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel for the proposed class (the "Class").

## I.    PRELIMINARY STATEMENT

Presently pending in this District are two securities class actions against Weight Watchers: (i) *Potts v. Weight Watchers International, Inc.*, No. 1:19-cv-02005-WHP (the "*Potts* Action") and (ii) *Jubelt v. Weight Watchers International, Inc.*, No. 1:19-cv-02528-WHP (the "*Jubelt* Action") (together, the "Class Actions"). Both of the Class Actions assert securities fraud claims against Weight Watchers, as well as its Chief Executive Officer, Chief Financial Officer, and controlling shareholder (together with Weight Watchers, "Defendants"), on behalf of all purchasers of Weight Watchers securities between May 4, 2018 and February 26, 2019 (the "Class Period").[1] Both Class Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act in connection with the same alleged misrepresentations regarding the Company's business prospects and financial performance, particularly regarding the Company's subscriber

---

[1]    The *Potts* Action sets forth a class of all purchasers of the Company's "common stock" during the Class Period, *see Potts* Action, ECF No. 1 ("*Potts* Complaint"), ¶ 50, while the *Jubelt* Action proposes a class of all purchasers of the Company's "securities" during the Class Period. *See Jubelt* Action, ECF No. 1 ("*Jubelt* Complaint"), ¶ 50.

base.  The two Class Actions are practically identical and thus should be consolidated under the PSLRA and Fed. R. Civ. P. 42(a).

Following consolidation, the PSLRA provides that this Court must appoint "the most adequate plaintiff as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  To identify the most adequate plaintiff, the Court must determine which lead plaintiff movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Weight Watchers Investor Group is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  The Weight Watchers Investor Group suffered losses totaling $2,090,414 as a result of its purchases of Weight Watchers securities during the Class Period.  *See* Declaration of Daniel L. Berger in Support of Motion of Equity-League Pension Trust Fund and Oklahoma Firefighters Pension and Retirement System for Consolidation of Cases, Appointment of Lead Plaintiff, and Approval of Counsel ("Berger Decl."), Exs. 3 (showing Equity League's losses) and 4 (OFP's losses).[2]  As of the time of preparing this memorandum of law for filing, the Weight Watchers Investor Group is not aware of any other lead plaintiff movant with equal or greater losses.  Equity League and OFP are both sophisticated institutional investors favored as lead plaintiffs under the PSLRA, and they are a small and cohesive pairing that has coordinated to develop a protocol to represent the Class in a cooperative manner utilizing the same highly-qualified counsel.  Accordingly, the Weight Watchers Investor Group should be appointed Lead Plaintiff.

---

[2]   The Weight Watchers Investor Group's losses are the same whether calculated using a last in, first out ("LIFO") methodology or a first in, first out ("FIFO") methodology.  *See* Berger Decl., Exs. 3 and 4.

II.    **PROCEDURAL BACKGROUND**

On March 4, 2019, Plaintiff Karen Potts filed the first of the Class Actions in this Court. That same day, the law firm that filed the complaint in the *Potts* Action published notice of the pendency of that action over BusinessWire, a national business-oriented wire service, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than sixty days from the date of publication of such notice, *i.e.*, by May 3, 2019.  *See* Berger Decl., Ex. 6.  The Weight Watchers Investor Group is filing this motion within the sixty-day period following publication of the March 4, 2019 notice.

On March 21, 2019, Plaintiff John Jubelt filed the second of the Class Actions in this Court, filing a complaint that is nearly identical to the *Potts* Complaint.  *Compare Potts* Complaint and *Jubelt* Complaint.  Plaintiff Jubelt filed a statement that the *Jubelt* Action is related to the earlier-filed *Potts* Action (*Jubelt* Action, ECF No. 6), and the *Jubelt* Action was accepted as related to the *Potts* Action on March 25, 2019.

III.    **FACTUAL BACKGROUND**

A.    THE WEIGHT WATCHERS INVESTOR GROUP

Equity League is a multiemployer pension fund with approximately $1.8 billion in assets under management.  *See* Berger Decl., Ex. 5.  It is located in the Theater District of New York City and serves actors and stage managers.  *Id.*  Equity League suffered substantial losses totaling $1,608,954 in connection with its purchases of Weight Watchers stock at artificially inflated prices during the Class Period.  *See* Berger Decl., Ex. 1.

OFP is a benefit pension fund with over $2.7 billion in assets under management.  *See* Berger Decl., Ex. 5.  Headquartered in Oklahoma City, OFP serves firefighters.  *Id.*  OFP suffered significant losses of $481,460 as a result of the Defendants' alleged fraud.  *See* Berger Decl., Ex. 2.

The Weight Watchers Investor Group was formed by Equity League and OFP as a result of their agreement to seek jointly to represent the Class as Lead Plaintiff. *See* Berger Decl., Ex. 5. Equity League and OFP each individually determined to seek appointment as lead plaintiff, and then—after learning of the other's determination—they resolved to join forces to represent the interests of the Class, judging that their combined sophistication, expertise, substantial financial interest, and standing to assert claims under the Securities Act of 1933 (the "Securities Act") would benefit the prosecution of this litigation. *Id.* Both Equity League and OFP are aware of and prepared to accept the fiduciary obligations attaching to lead plaintiffs in federal securities class actions. *Id.* Both of them have fiduciary obligations to their participants and beneficiaries and thus are familiar with fulfilling such obligations. *Id.* Moreover, OFP has previously served as a lead plaintiff in securities class actions and will bring that experience to bear on this case. *Id.*; *see also* Berger Decl., Ex. 2 (listing securities class actions in which OFP was appointed lead plaintiff within the last three years, including two cases where it was appointed a co-lead plaintiff). The Weight Watchers Investor Group has retained Grant & Eisenhofer, which has extensive experience in complex securities litigation and class actions, as proposed Lead Counsel. *See* Berger Decl., Ex. 7.

### B.    THE CLASS ACTIONS

Defendant Weight Watchers is a corporation headquartered in New York City that offers a subscription-based weight loss program. *Potts* Complaint, ¶ 6.[3] The Company earns revenues from subscriptions to its digital products and attendance fees for the Company's workshops, predominantly through commitment plans, prepayment plans, and "pay-as-you-go" arrangements (collectively, "subscriptions"). *Id.*, ¶ 14. The Company also derives revenue from the sale of

---

[3]    Unless otherwise noted, all references to the *Potts* Complaint also refer to the same numbered paragraph in the *Jubelt* Complaint.

consumer products, commissions from franchisees, royalties arising from licensing agreements, the sale of magazine subscriptions, and the sale of advertising space on its websites and in its publications and "By Mail" product sales. *Id.*

During the Class Period, Defendants time and time again made statements regarding the strength of the Company's subscriber base, including: claiming an "enthusiastic, global response" to a new Weight Watchers offering (*id.*, ¶ 16); boasting of the Company's longest-ever average subscriber retention period (*id.*, ¶ 18); emphasizing subscriber loyalty to and engagement with the Company (*id.* ¶ 25); and highlighting the supposed reliability and sustainability of the Company's subscription-based revenues (*id.*, ¶¶ 24, 26). These statements were shown to be false and/or misleading when the Company disclosed that, in fact, it was losing subscribers by the *hundreds of thousands* and that this would likely continue. *Id.*, ¶¶ 31-33, 36, 40.

Before the truth began to be revealed, in May 2018 the Company filed a registration statement and prospectus for a secondary public offering of 8.63 million shares of common stock (the "SPO") held by the Company's controlling shareholder, Defendant Artal Group S.A. ("Artal"), which raised approximately $595.5 million in gross proceeds for Artal. *Id.*, ¶¶ 22-23. Neither of the Class Actions, however, alleges a violation of the Securities Act in connection with SPO.

On August 6, 2018, it was revealed that the Company "had actually lost 100,000 subscribers" during the second quarter of 2018, and the Company's stock price declined 15% that day. *Id.*, ¶ 32. The Company nevertheless "raised [its] [fiscal year 2018] financial guidance and made other bullish statements reassuring investors." *Id.* Eight days later, Artal sold an additional 6 million shares in individual Rule 144A sales as the Defendants continued to mislead investors. *Id.*, ¶ 33.

5

Nearly three months later, on November 1, 2018, the Company disclosed that it had lost another *300,000* subscribers in the third quarter of 2018. *Id.*, ¶ 36. Following that disclosure, the price of Weight Watchers stock declined nearly 30%. *Id.* Finally, on February 26, 2019, the last day of the Class Period, Weight Watchers revealed that its subscriber count had declined again, *and* would continue to decline during fiscal year 2019. *Id.*, ¶ 40. The price of Weight Watchers stock plummeted over 34% following this revelation. *Id.*

IV.     ARGUMENT

A.     THE CLASS ACTIONS SHOULD BE CONSOLIDATED

Fed. R. Civ. P. 42(a) provides that if actions before the Court involve a common question of law or fact, the Court may consolidate the actions. Moreover, the PSLRA contemplates the consolidation of multiple securities class actions regarding the same events, stating:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [to appoint a lead plaintiff] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii). "As soon as practicable" after a consolidation decision has been made, the Court should determine the lead plaintiff. *Id.*

These Class Actions are nearly identical. The plaintiff in the *Jubelt* Action filed a statement that that action is related to the *Potts* Action because "[e]ach case is a putative class action" and each "claims violations of the federal securities laws by corporate defendant, Weight Watchers International, Inc." *Jubelt* Action, ECF No. 6, at 2. In fact, the two actions present identical factual and legal issues, with purchasers of the Company's stock alleging the same violations of the federal securities laws "aris[ing] out of the same course of conduct by the same defendants during the same class period." *Ho v. NQ Mobile, Inc.*, No. 13 Civ. 7608(WHP), 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014). Though the *Potts* Action proposes a class of

6

purchasers of Weight Watchers "common stock" (*Potts* Complaint, ¶¶ 1, 50), and the *Jubelt* Action proposes a class of purchases of the Company's "securities" (*Jubelt* Complaint, ¶¶ 1, 50), the *Jubelt* Complaint is practically a carbon copy of the *Potts* Complaint, and this "minor difference[] in class definitions" does not weigh against consolidation. *Lu v. Jumei Int'l Holding Ltd.*, No. 14cv9826, 2015 WL 4104570, at *1 (S.D.N.Y. June 22, 2015). The two Class Actions should be consolidated.

### B. THE WEIGHT WATCHERS INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

The PSLRA requires the Court to appoint the "most adequate plaintiff as lead plaintiff" of a consolidated securities fraud action. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Determining the "most adequate plaintiff" is a two-step process under the PSLRA. First, the statute creates a rebuttable presumption that the "person or group of persons," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), with "the largest financial interest in the litigation is entitled to a presumption in favor of appointment as lead plaintiff." *Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011). This plaintiff must also make a "preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Id.* (citing *Baydale v. American Express Co.*, 09 Civ. 3016(WHP), 2009 WL 2603140, at *2 (S.D.N.Y. Aug. 14, 2009)).[4]

### 1. The Weight Watchers Investor Group Has The Largest Financial Interest

To evaluate the financial interest of a lead plaintiff movant, courts in this District often apply the "*Olsten-Lax*" factors to assist in the determination. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citing *Lax v. First Merchs. Acceptance Corp.*, No. 97 Civ.

---

[4]   The PSLRA also requires that a lead plaintiff motion be made by a plaintiff who "has either filed the complaint or made a motion in response to a notice." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). The Weight Watchers Investor Group makes this motion in response to the notice published on March 4, 2019 by the law firm representing the plaintiff in the *Potts* Action. *See* Berger Decl., Ex. 6.

2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998)); *see also Ho*, 2014 WL 1389636, at *1-2 (using *Olsten-Lax* factors to measure financial interest); *Baydale*, 2009 WL 2603140, at *2 (same). These factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Pipefitters Local No. 636*, 275 F.R.D. at 190 (citing *Baydale*, 2009 WL 2603140, at *2). Of these factors, "the magnitude of the loss is the most significant." *Id.* (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).

The Weight Watchers Investor Group's financial interest in the relief sought by the Class is as follows:[5]

| Total Shares Purchased | 89,893 |
|---|---|
| Net Shares Purchased | 70,750 |
| Net Funds Expended | $3,487,935 |
| Estimated Losses | $2,090,414 |

The "Estimated Losses" set forth above are the same whether calculated using the "last in, first out" ("LIFO") methodology or the "first in, first out" ("FIFO") methodology. *See* Berger Decl., Ex. 3 at 1, 4 (showing same amount of "Total FIFO Losses" and "Total LIFO Losses") and Ex. 4 at 1 (showing "Total FIFO/LIFO Losses").

The Weight Watchers Investor Group purchased a substantial amount of Weight Watchers stock throughout the Class Period, including before each of the three alleged corrective disclosures (August 6 and November 1, 2018, and February 26, 2019, *see* § III(B), *supra*) and continued to hold stock through the final corrective disclosure date at the end of the Class Period. The Weight Watchers Investor Group is unaware of any lead plaintiff movant in this litigation

---

[5] For the information set forth in the table on this page, *see* Berger Decl., Exs. 3 and 4.

that suffered larger losses or otherwise has a larger financial interest in the relief sought by the Class.  As a result, and because they also satisfy the typicality and adequacy requirements of Rule 23, the Weight Watchers Investor Group is entitled to the presumption that it is the most adequate plaintiff.

In addition, the Weight Watchers Investor Group purchased Weight Watchers stock pursuant to the SPO in May 2018.  *See* Berger Decl., Ex. 2 (listing May 11, 2018 purchase of Weight Watchers stock at price of $69 per share); *see also* Potts Complaint, ¶ 23 (alleging SPO price of $69 per share).

**2.     The Weight Watchers Investor Group Satisfies The Typicality and Adequacy Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must "make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Pipefitters Local No. 636*, 275 F.R.D. at 190 (citing *Baydale*, 2009 WL 2603140, at *2); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

**a.     The Weight Watchers Investor Group's Claims Are Typical**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality is satisfied where a movant "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *H*o, 2014 WL 1389636, at *2 (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The lead plaintiff's claims need not be identical to the claims of the class to satisfy the typicality requirement. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003).

Here, the Weight Watchers Investor Group's claims are typical because, like all members of the Class, the Weight Watchers Investor Group seeks to recover under the federal securities

laws for losses on investments in Weight Watchers securities resulting from the materially false and misleading statements and omissions by Defendants concerning Weight Watchers' subscriber base and business prospects. *See Baydale*, 2009 WL 2603140, at *4 (finding typicality satisfied where, "like other class members, [the lead plaintiff movant's] injuries stem[med] from the alleged overvaluation of . . . stock resulting from Defendants' materially false and misleading statements and omissions"). Furthermore, OFP purchased Weight Watchers stock pursuant to the SPO, *see* § IV(B)(1), *supra*, and thus it has standing to assert claims under the Securities Act in connection with the SPO—which claims the Weight Watchers Investor Group, if appointed as lead plaintiff, intends to assert in an amended class action complaint. Therefore, the Weight Watchers Investor Group's claims are particularly aligned with those of the Class.

> **b.    The Weight Watchers Investor Group Will Fairly and Adequately Protect the Interests of the Class**

"In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation." *Pipefitters Local No. 636*, 275 F.R.D. at 190 (citing *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004)). Here, the Weight Watchers Investor Group's claims do not conflict with those of the Class: its claims are typical of the claims of the class and it is not subject to any unique defense that render it incapable of adequately representing the class. The Weight Watchers Investor Group has retained Grant & Eisenhofer, counsel with significant experience in efficiently and vigorously prosecuting securities class actions and achieving historic recoveries for class members. *See* § IV(C), *infra* (discussing securities class action experience of Grant & Eisenhofer); *see also* Berger Decl., Ex. 7 (Grant & Eisenhofer firm biography). Moreover, there

10

are no conflicts between the Weight Watchers Investor Group and the Class, as each seeks to recover losses caused by Defendants' false and misleading statements and omissions. The Weight Watchers Investor Group is thus an adequate lead plaintiff. *See Canson v. WebMD Health Corp.*, No. 11 Civ. 5382(JFK), 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011) (presumptive lead plaintiff satisfies adequacy requirement where it retained "competent" counsel, presented no evidence of conflict with other class members, and had a "significant financial stake" in the case).

In addition to satisfying the preliminary requirements of Rule 23, appointing the Weight Watchers Investor Group as Lead Plaintiff also fulfills the legislative goal of having securities class actions prosecuted by sophisticated institutional investors with substantial financial interests in the relief sought by the class. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [class] actions such as this one.") (citation omitted); *see also* H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Equity League, a multiemployer pension fund, suffered massive losses as a result of the Defendants' alleged fraud and is highly motivated to maximize recoveries on behalf of itself (benefitting its thousands of participants) and the Class. OFP, a benefit pension fund with over $2.7 billion in assets under management, is similarly motivated, and has previously served as a lead plaintiff for securities classes.

### 3. The Weight Watchers Investor Group Is An Appropriate "Group of Persons" Under the PSLRA

The Weight Watchers Investor Group is an appropriate "group of persons" to be appointed Lead Plaintiff under the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii) (establishing criteria to identify the "person or group of persons" presumed to be the "most adequate plaintiff"). Equity League and OFP are both institutional investors that suffered significant losses as a result of the securities law violations alleged in the Class Actions. After deciding to form the Weight Watchers Investor Group, Equity League and OFP conferred to oversee the filing of this motion and to develop a protocol for the joint oversight of counsel in the event the Weight Watchers Investor Group is appointed Lead Plaintiff. *See Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411(NRB), 2008 WL 2073931, at *3-5 (S.D.N.Y. May 9, 2008) (appointing group of three pension funds that "held joint conference calls to discuss the litigation"). The two members of the Weight Watchers Investor Group have agreed on a method for resolving differences in opinion between them regarding decisions to be made in this litigation. *See Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605(DRD), 2000 WL 33173017, at *4 (D.N.J. Nov. 16, 2000) (appointing group of investors that agreed to hold regular meetings as well as to convene emergency meetings and that "establish a protocol to determine activity in the event that the Group cannot reach a consensus on a particular issue"). The Weight Watchers Investor Group's cooperative approach "provides the proposed class with the substantial benefits of joint decision-making . . . and is consistent with the language of the PSLRA." *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998). Indeed, courts in this District have often appointed as lead plaintiffs groups of investors that have joined together to seek to prosecute securities class actions. *See, e.g., In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570-71 (S.D.N.Y. 2015) (appointing two lead plaintiffs to provide "the class the

12

advantages of the combined knowledge, experience and judgment of both lead plaintiffs"); *Gordon v. Sonar Capital Mgmt. LLC*, No. 11 Civ. 9665(JSR), 2012 WL 1193844 (S.D.N.Y. Apr. 9, 2012) (appointing two co-lead plaintiffs whose "combined business and legal expertise gives them a decided advantage in evaluating the pluses and minuses of various approaches to litigating the case"); *Reimer*, 2008 WL 2073931, at *1 (appointing group of three pension funds); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004) (appointing two investors as co-lead plaintiffs); *In re Oxford Health Plans*, 182 F.R.D. at 51 (appointing group of multiple investors to represent proposed class, and appointing three firms, including Grant & Eisenhofer, as co-lead counsel).

There is nothing to suggest that the Weight Watchers Investor Group or its counsel will not fairly and adequately represent the class or that the Weight Watchers Investor Group is subject to unique defenses. This Court should appoint the Weight Watchers Investor Group as Lead Plaintiff.

**C.    THE COURT SHOULD APPROVE THE WEIGHT WATCHERS INVESTOR GROUP'S SELECTION OF COUNSEL**

The PSLRA authorizes the lead plaintiff to select and retain lead counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (internal quotations and citations omitted).

The Weight Watchers Investor Group has selected highly-qualified counsel with significant experience in prosecuting securities class actions. Grant & Eisenhofer is among the preeminent securities class action law firms in the country and has served as lead or co-lead

counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Securities Litigation*, M.D.L. No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, M.D.L. No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litigation*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See* Berger Decl., Ex. 7 (Grant & Eisenhofer firm biography). Therefore, the Court should appoint the Weight Watchers Investor Group as Lead Plaintiff and approve its chosen counsel to represent the Class.

## V.        CONCLUSION

For the foregoing reasons, the Weight Watchers Investor Group respectfully requests that this Court (i) consolidate the two above-captioned actions, (ii) appoint the Weight Watchers Investor Group as Lead Plaintiff in the resulting consolidated class action, and (iii) approve the Weight Watchers Investor Group's choice of counsel as Lead Counsel for the Class.

Dated: New York, New York
May 3, 2019

Respectfully submitted,

*/s/ Daniel L. Berger*
Jay W. Eisenhofer
Daniel L. Berger
Jonathan D. Park
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: jeisenhofer@gelaw.com
Email: dberger@gelaw.com
Email: jpark@gelaw.com

*Counsel for Equity-League Pension Trust
Fund and Oklahoma Firefighters Pension and
Retirement System, and Proposed Lead
Counsel for the Class*

15