**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN POTTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A.,<br><br>Defendants. | Civil Action No. 1:19-cv-02005-WHP |
| JOHN JUBELT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A.,<br><br>Defendants. | Civil Action No. 1:19-cv-02528-WHP |

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF OMAHA POLICE AND FIRE RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    I.     THE REALTED ACTIONS SHOULD BE CONSOLIDATED .............................3

    II.    OMAHA P+F IS THE PRESUMPTIVE LEAD PLAINTIFF AND
         SHOULD BE APPOINTED LEAD PLAINTIFF ....................................................4

         A.     Omaha P+F Filed a Timely Motion .............................................................5

         B.     Omaha P+F Has the Largest Financial Interest in the Relief
              Sought by the Class .......................................................................................5

         C.     Omaha P+F Satisfies Rule 23 .......................................................................6

    III.   OMAHA P+F'S SELECTION OF LEAD COUNSEL SHOULD BE
         APPROVED .........................................................................................................8

CONCLUSION ....................................................................................................................... 9

i

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Constance Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................................7

*Cornwell v. Credit Suisse Grp.*,
    No. 1:08-cv-03758 (S.D.N.Y.)............................................................................................8

*Dolan v. Axis Capital Holdings Ltd.*,
    No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ....................................3

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990), *cert. denied*,
    *Celotex Corp. v. Johnson*, 498 U.S. 920 (1990) ......................................................................3

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007) ........................................................................................4

*Peters v. Jinkosolar Holding Co., Ltd.*,
    No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ....................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................................1, 7

*Taft v. Ackermans*,
    No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003)....................................7

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015)....................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................4, 5, 6, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................7

**STATUTES, RULE & REGULATIONS**

15 U.S.C.
    §78u-4(a)(1) ......................................................................................................................4
    §78u-4(a)(3)(A)(i)..............................................................................................................4
    §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I)........................................................................................4
    §78u-4(a)(3)(B)..................................................................................................................4
    §78u-4(a)(3)(B)(i)..............................................................................................................1

§78u-4(a)(3)(B)(ii) ..............................................................................................................3
§78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ........................................................................................2, 4
§78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................................6
§78u-4(a)(3)(B)(iii)(I)(cc).................................................................................................6
§78u-4(a)(3)(B)(iii)(II)(aa) ...............................................................................................8
§78u-4(a)(3)(B)(v) .............................................................................................................8

FED. R. CIV. P. 42(a) ...........................................................................................................3

Putative Class[1] member and Lead Plaintiff movant City of Omaha Police and Fire Retirement System ("Omaha P+F" or "Movant"), on behalf of itself and all others similarly situated, respectfully submits this Memorandum of Law in support of its motion: (1) consolidating the above-captioned actions; (2) appointing Omaha P+F as Lead Plaintiff on behalf of all persons or entities who purchased, or otherwise acquired, Weight Watchers International, Inc. ("Weight Watchers" or the "Company") securities on the open market during the Class Period; (3) approving Omaha P+F's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

Presently pending before the Court are the two above-captioned securities class actions ("Related Actions") brought on behalf of all persons who purchased, or otherwise acquired, Weight Watchers securities between May 4, 2018, and February 26, 2019, inclusive ("Class Period"). Plaintiffs in the Related Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med.*

---

[1] The "Class" is comprised of all persons or entities, other than Defendants, who purchased, or otherwise acquired, Weight Watchers securities during the Class Period (defined herein). "Defendants" collectively include Weight Watchers, Mindy Grossman, Nicholas P. Hotchkin, and Artal Group, S.A.

1

*Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2]  Omaha P+F is the most adequate plaintiff because it timely moved to be lead plaintiff, has the largest financial interest in the litigation (with approximately $1.8 million in recoverable losses),[3] and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Omaha P+F's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

On March 4, 2019, Karen Potts filed an action in the U.S. District Court for the Southern District of New York ("Southern District"), captioned *Potts v. Weight Watchers Int'l, Inc.*, No. 1:19-cv-02005 ("*Potts* Action"), on behalf of purchasers of Weight Watchers securities between May 4, 2018, and February 26, 2019, inclusive, asserting claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  ¶¶1-2.[4]  On March 21, 2019, Plaintiff John Jubelt filed an action in the Southern District, captioned *Jubelt v. Weight Watchers Int'l, Inc.*, No. 1:19-cv-02528 ("*Jubelt* Action"), asserting similar claims and the same class period as the *Potts* Action.

Defendant Weight Watchers offers a subscription-based weight loss program that helps participants form healthy eating habits, eat smarter, get more exercise, and receive support.  ¶13. According to the Complaint, throughout the Class Period, Weight Watchers and certain of its

---

[2]    Unless otherwise indicated, citations are omitted.

[3]    Movant's certification identifying its Weight Watcher transactions during the Class Period, as required by the PSLRA, as well as a chart identifying its losses, are respectively attached as Exs. B-C to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support hereof.

[4]    Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint for Violations of the Federal Securities Laws filed in the *Potts* Action on March 4, 2019 (ECF No. 1) ("Complaint").

officers and directors made materially false and misleading statements regarding the Company's subscriber and business metrics and financial prospects. ¶39. As a result of these false and/or misleading statements, Weight Watchers securities traded at inflated prices until revelations of the Company's diminished subscriber count caused a precipitous decline in market value, thereby causing significant losses and damages to Movant and the other Class members. ¶¶40-42, 45.

<u>**ARGUMENT**</u>

## I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSRLA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under Rule 42(a), consolidation is appropriate when the actions involve "common question[s] of law or fact[.]" *Id.*; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, *Celotex Corp. v. Johnson*, 498 U.S. 920 (1990). "Consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same "public statements and reports"' and defendants will not be prejudiced." *Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The Related Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, including the same public statements by the Company, are based on the same wrongful course of conduct, and name the same Defendants. Because the Related Actions arise from the same facts and circumstances, and involve the same subject matter,

the same discovery and similar class certification issues will be relevant to both Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.    OMAHA P+F IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'" *Id.* at 344. Second, so long as the presumption is not rebutted, the "most adequate

4

plaintiff" shall be appointed the lead plaintiff.  *Id.*  As demonstrated below, Omaha P+F meets these requirements and should be appointed to serve as Lead Plaintiff.

### A.      Omaha P+F Filed a Timely Motion

On March 4, 2019, the same day the *Potts* Action was filed, a notice of pendency of the action was published on *BusinessWire*, a national, business-oriented newswire service.  *See* Laughlin Decl., Ex. A.  The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met.  The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment within 60 days of publication of the Early Notice (*i.e.*, by May 3, 2019).  *See id*.

Omaha P+F's motion for appointment as Lead Plaintiff is timely filed.  Moreover, Omaha P+F submits herewith a certification stating its willingness to serve as a representative party on behalf of the Class and providing its Class Period transactions.  *See* Laughlin Decl., Ex. B.

### B.      Omaha P+F Has the Largest Financial Interest in the Relief Sought by the Class

To its knowledge, Omaha P+F is the lead plaintiff movant with the largest financial interest in the relief sought by the Class.  "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'"  *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).  "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'"  *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

5

As evidenced by its PSLRA certification and charts detailing transactions and losses filed herewith, Omaha P+F purchased, or otherwise acquired, Weight Watchers securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Laughlin Decl., Exs. B-C. Specifically, Omaha P+F suffered losses of approximately $1.8 million. *Id.*, Ex. C. As to the other factors courts look to, Omaha P+F purchased 56,216 total shares of Weight Watchers during the Class Period, retained 46,200 shares, and expended over $2.7 million during the Class Period. *Id.*

Omaha P+F thus has a significant financial interest in this case. Moreover, Omaha P+F is unaware of any other movant that has sustained greater financial losses in connection with their Weight Watchers transactions during the Class Period. Therefore, Omaha P+F has the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Omaha P+F Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "'preliminary.'" *Tronox*, 262 F.R.D. at 344. Omaha P+F easily makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (internal

6

quotations omitted).  Here, the claims asserted by Omaha P+F are typical of the claims of the other members of the putative Class because, like all other Class members, it: (a) purchased, or otherwise, acquired Weight Watchers securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof.  Since Omaha P+F's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.  *See Tronox*, 262 F.R.D. at 343.  Omaha P+F is "adequate" to serve as class representative in the instant litigation because its interests are aligned with the interests of the putative Class.  Omaha P+F, like all other members of the Class, suffered losses as a result of purchasing Weight Watchers securities at prices that were artificially inflated due to Defendants' alleged misstatements.  Omaha P+F will, therefore, benefit from the same relief as other Class members.  Omaha P+F has also demonstrated that it is an adequate representative by retaining competent and experienced counsel.  *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same).  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Omaha P+F has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### III.    OMAHA P+F'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id.* at (B)(iii)(II)(aa).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Omaha P+F has selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. D.  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[5]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate

---

[5]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million).

a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including in this District: *In re GreenSky Sec. Litig.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); and *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.).

In light of the foregoing, the Court should approve Omaha P+F's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Omaha P+F respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Omaha P+F as Lead Plaintiff on behalf of the Class; (3) approve Omaha P+F's selection of counsel, Scott+Scott, as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: May 3, 2019

SCOTT+SCOTT ATTORNEYS AT LAW LLP

*/s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (TL-8888)
Donald A. Broggi (DB-9661)
Rhiana L. Swartz (RS-2332)
The Helmsley Building
230 Park Avenue, 17th Floor

9

New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff*
*Movant City of Omaha Police and Fire*
*Retirement System*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (TL-8888)

11