UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
KAREN POTTS, Individually and on Behalf of : Civil Action No. 1:19-cv-02005-WHP
All Others Similarly Situated,                          :
                                                                          :   CLASS ACTION
                                    Plaintiff,              :
                                                                          :
           vs.                                                   :
                                                                          :
WEIGHT WATCHERS INTERNATIONAL,         :
INC., MINDY GROSSMAN, NICHOLAS P.        :
HOTCHKIN and ARTAL GROUP S.A.,             :
                                                                          :
                                    Defendants.          :
———————————————————— :
JOHN JUBELT, Individually and on Behalf of  : Civil Action No. 1:19-cv-02528-WHP
All Others Similarly Situated,                          :
                                                                          :   CLASS ACTION
                                    Plaintiff,              :
                                                                          :
           vs.                                                   :
                                                                          :
WEIGHT WATCHERS INTERNATIONAL,         :
INC., MINDY GROSSMAN, NICHOLAS P.        :
HOTCHKIN and ARTAL GROUP S.A.,             :
                                                                          :
                                    Defendants.          :
                                                                          :
———————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF THE PENSION FUNDS' MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL**

1560000_1

## I.    INTRODUCTION

Presently pending before the Court are two securities class action lawsuits (the "Related Actions") on behalf of purchasers of Weight Watchers International, Inc. ("Weight Watchers" or the "Company") securities between May 4, 2018 and February 26, 2019 (the "Class Period").[1]   In securities class actions, the Private Securities Litigation Reform Act ("PSLRA") requires district courts to resolve consolidation before appointing the lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they each involve identical legal and factual issues.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.  As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u- 4(a)(3)(B)(i).

The El Paso Firemen & Policemen's Pension Fund, Inter-Local Pension Fund GCC/IBT, and Steamfitters Local 449 Pension & Retirement Security Funds (collectively, the "Pension Funds") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]    The Related Actions are: (1) *Potts v. Weight Watchers International, Inc.*, No. 1:19-cv-02005 filed on March 4, 2019 and (2) *Jubelt v. Weight Watchers International, Inc.*, No. 1:19-cv-02528 filed on March 21, 2019.

- 1 -

1560000_1

## II.    FACTUAL BACKGROUND

Historically, defendant Weight Watchers has offered various products and services to assist weight loss and maintenance.  Weight Watchers earns revenues from subscriptions for the Company's digital products and by conducting workshops, for which it charges a fee, predominantly through commitment plans, prepayment plans, and "pay-as-you-go" arrangements (collectively, "subscriptions").  Recently, the Company has rebranded itself as "WW" and tried to focus less on weight loss and more on maintaining general health.  Defendant Artal Group S.A. ("defendant Artal"), together with its parents and its subsidiaries (collectively, "Artal"), is the controlling shareholder of Weight Watchers.  Via its contractual relationships with Oprah Winfrey, who as of March 2018 owned 11% of Weight Watchers' common stock, defendant Artal exercised effective control over Weight Watchers throughout the Class Period.

On February 27, 2018, Weight Watchers announced its fiscal year 2017 financial results for year ended December 31, 2017, provided its fiscal year 2018 ("FY18") guidance, and provided its three-year fiscal 2020 ("end-of-2020") guidance.  For FY18, the Company stated it was on track to report revenues "approaching $1.55 billion and earnings guidance of between $2.40 and $2.70 per fully diluted share," emphasizing that the "guidance reflect[ed] the operating strength of the Company's business and expected continued global momentum through the year."  ECF No. 1 at ¶15.  Weight Watchers also stated that it was confident in its ability to reach five million subscribers, driving revenues in excess of $2 billion, by the end-of-2020.

On May 7, 2018, Weight Watchers filed a Form S-3 shelf registration statement with the U.S. Securities and Exchange Commission ("SEC") that would permit defendant Artal to sell shares whenever it sought to do so in the future (the "Registration Statement").  On May 14, 2018, Weight Watchers filed a final prospectus with the SEC on Form 424b that comprised part of the Registration

- 2 -

Statement (with the final prospectus, the "Registration Statement") and priced the secondary stock offering ("SPO") being undertaken for Artal at $69 per share. The Registration Statement stated that defendant Artal would sell 7.5 million shares on a firm commitment basis, with defendant Artal willing to sell another 1.125 million shares as the underwriters' overallotment option. The SPO was a success, with all 8.63 million shares being sold, raising approximately $595.5 million in gross proceeds for defendant Artal.

The complaints allege that throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (1) Weight Watchers was experiencing diminished subscriber growth and retention rates due to the onslaught of new competing smartphone fitness apps, meal-delivery services, and other tech advances; (2) diminished subscriber growth, when coupled with the much larger number of fourth quarter of 2018 ("4Q18") subscription lapses that Weight Watchers typically experiences, made it highly unlikely that the Company would retain four million subscribers by the end of 2018; (3) that Weight Watchers was not on track to grow its subscriber count to five million or to drive annual revenues to more than $2 billion by the end-of-2020; (4) that the decreased subscriber count would result in decreased revenues and profits; and (5) as a result, defendants' statements about Weight Watchers' business metrics and financial prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 26, 2019, after the close of trading, Weight Watchers issued a press release and conducted a conference call with investors and stock analysts revealing the Company's actual 4Q18 and FY18 results and financial prospects. The 4Q18 subscriber count had declined down to 3.9 million subscribers. Defendants conceded that enrollment would continue declining during fiscal year 2019 ("FY19"), with defendant Mindy Grossman, Weight Watchers' President and Chief Executive Officer, revealing that while January is typically the best time for health-focused brands

- 3 -

and when 40% of new subscribers typically join due to New Year's resolutions, January 2019 had been a "hard month" for Weight Watchers. ECF No. 1 at ¶40. The Company said that it was now only targeting revenues of $1.4 billion during FY19, nowhere near the $2 billion in annual revenues it had been projecting to achieve by the end-of-2020 and well below the nearly $1.7 billion it had led the market to expect for FY19. Weight Watchers also disclosed that it was now only targeting earnings per share of $1.25 to $1.50 for FY19, far lower than the EPS of $3.36 defendants had led the market to believe.

In response to this news, the price of Weight Watchers common stock declined from its close of $29.57 per share on February 26th to close down at $19.37 per share on February 27th on unusually high trading volume of more than 37.4 million shares trading. As a result of defendants' alleged wrongful acts and omissions and the decline in Weight Watchers' stock value, class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). "Consolidation is appropriate where there are actions involving 'common question[s] of law or fact' pending before the Court." *In re Bank of Am. Corp. Sec., Derivative and ERISA Litig.*, 258 F.R.D. 260, 267 (S.D.N.Y. 2009) (citation omitted). "Judicial convenience and economy will be promoted by consolidation; it will also avoid unnecessary costs to the parties." *Id.* at 268.

1560000_1

The Related Actions present identical factual and legal issues, allege identical class periods, raise virtually identical claims, and name identical defendants.  Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  The *Potts* action seeks to represent investors who purchased Weight Watchers common stock while the *Jubelt* action seeks to represent investors who purchased Weight Watchers securities.  This difference will be resolved upon the filing of a consolidated complaint.  Thus, consolidation is appropriate here.  *See id.* at 267-68.

**B.     The Pension Funds Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 5 -

1560000_1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Funds meet each of these requirements and should be appointed Lead Plaintiff.

### 1.      This Motion Is Timely

On March 4, 2019, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by May 3, 2019.  *See* Declaration of David A. Rosenfeld in Support of the Pension Funds' Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. 1.  Because the Pension Funds' motion was filed by the statutory deadline, the Pension Funds are eligible for appointment as lead plaintiff.

### 2.      The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds purchased 31,218 shares of Weight Watchers stock and suffered approximately $1,247,870 in losses as the price of Weight Watchers stock declined.  *See* Rosenfeld Decl., Exs. 2, 3.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest during this Class Period.  Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.      The Pension Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23."  *Bank of Am.*, 258 F.R.D. at 268 (citation omitted).

1560000_1

The threshold typicality determination is satisfied if the claims made by the proposed lead plaintiff "'arise[] from the same course of events' and [when the proposed lead plaintiff] make[s] 'similar legal arguments to prove the defendant[s'] liability' as the other putative class members." *Id.* at 269 (citation omitted). With respect to the adequacy requirement, Rule 23 requires that: (1) class counsel be qualified, experienced, and generally able to conduct the litigation; (2) there be no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Id.* Importantly, "large public pension funds . . . are . . . the type of sophisticated institutional investors envisioned by Congress in the enactment of the PSLRA." *Id.* at 270.

Here, the Pension Funds allege that they purchased Weight Watchers stock during the Class Period in reliance on defendants' allegedly materially false and misleading statements and omissions and suffered damages resulting from the artificially inflated price of Weight Watchers stock. In addition, the Pension Funds, three institutional investors, have evidenced their willingness and ability to serve as lead plaintiff in this case as well as their ability to work together to control the litigation. *See* Rosenfeld Decl., Ex. 4. The Pension Funds are not aware of any conflicts between them and the putative class members. Finally, the Pension Funds have retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions. *See* Rosenfeld Decl., Ex. 5.

Because the Pension Funds filed a timely motion, have the largest financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

1560000_1

**C.      The Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Funds have selected Robbins Geller to serve as lead counsel.

With more than 200 attorneys in offices nationwide and in this District, Robbins Geller possesses substantial experience litigating complex securities litigation like this case. District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well . . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. 5. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve the Pension Funds' selection of Robbins Geller as lead counsel for the putative class.

1560000_1

## IV.    CONCLUSION

The Related Actions are nearly identical in facts and legal issues, and should be consolidated for all purposes.  Additionally, the Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Funds respectfully request that the Court grant their motion for consolidation, appointment as lead plaintiff, and approve their selection of counsel.

DATED:  May 3, 2019                            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

1560000_1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 3, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

1560000_1

# Mailing Information for a Case 1:19-cv-02005-WHP Potts v. Weight Watchers International, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Eduard Korsinsky**
  ek@zlk.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com,kimmiller225@yahoo.com

- **Lynn Katherine Neuner**
  lneuner@stblaw.com,managingclerk@stblaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel Serenity Sparks Bradley**
  rachel.sparksbradley@stblaw.com

- **George S Wang**
  gwang@stblaw.com,managingclerk@stblaw.com

- **Jason Allen Zweig**
  jasonz@hbsslaw.com,sf_filings@hbsslaw.com,nicolleg@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)