# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN POTTS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., <br><br> Defendants. | No. 1:19-cv-02005-WHP <br><br> **MEMORANDUM OF LAW IN SUPPORT OF ANGELIA DAROSA AND DONALD LYLE'S MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL OF LEAD COUNSEL** |
| JOHN JUBELT, Individually, and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WEIGHT WATCHERS INTERNATIONAL, INC., MINDY GROSSMAN, NICHOLAS P. HOTCHKIN and ARTAL GROUP S.A., <br><br> Defendants. | No. 1:19-cv-02528-WHP |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND.............................................................................................. 3

ARGUMENT ...................................................................................................................... 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES...................... 4

II.     DAROSA AND LYLE SHOULD BE APPOINTED LEAD PLAINTIFFS...................... 5

        A.      The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff ............. 5

        B.      Under the PSLRA, DaRosa and Lyle Should Be Appointed Lead Plaintiff.............. 6

                1.      DaRosa and Lyle Filed a Timely Motion ..................................................... 6

                2.      DaRosa and Lyle Have the Largest Financial Interest in the Relief
                        Sought by the Class.................................................................................. 7

                3.      DaRosa and Lyle Meet Rule 23's Typicality and
                        Adequacy Requirements ............................................................................. 8

III.    DAROSA AND LYLE'S SELECTION OF THE FARUQI FIRM AS
        LEAD COUNSEL SHOULD BE APPROVED............................................................... 10

CONCLUSION................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................4, 8, 10

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)...................................................................... 10, 11

*Dura Pharmaceuticals Inc. v. Broudo*,
    544 U.S. 336 (2005)...................................................................................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................5, 6, 7, 8

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC),
    2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................................................5, 8, 9, 10

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................5

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917 (BSJ) (JCF),
    2011 WL 2078010 (S.D.N.Y. May 19, 2011) .......................................................10

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993)........................................................................................4

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS),
    2008 WL 2811358 (S.D.N.Y. July 8, 2008) .......................................................8, 9

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) .................................................................................9

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279 (CM),
    2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011)........................................................9

*Stoopler v. Direxion Shares ETF Trust*,
    No. 09 Civ. 8011 (RJH),
    2010 WL 3199679 (S.D.N.Y. Aug. 12, 2010).......................................................7

*Strougo v. Brantley Capital Corp.*,
    243 F.R.D. 100 (S.D.N.Y. 2007) ...................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ...............................................................................4, 6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ......................................................................................11

**Statutes**

15 U.S.C. §§ 78u-4(a) ..............................................................................................2, 4, 5, 6, 7, 8

**Other Authorities**

Fed. R. Civ. P. 42(a) ...........................................................................................................1, 4

Movants Angelia Maria DaRosa ("DaRosa") and Donald J. Lyle ("Lyle"),[1] respectfully submit this memorandum of law pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), in support of their motion for the entry of an order (1) consolidating the above-captioned actions (the "Actions"); (2) appointing DaRosa and Lyle as Lead Plaintiffs for the consolidated Actions; and (3) approving DaRosa and Lyle's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are two securities class Actions[2] brought on behalf of a putative class (the "Class") of investors who purchased the securities of Weight Watchers International, Inc. ("Weight Watchers" or the "Company") between May 4, 2018 and February 26, 2019, inclusive (the "Class Period").

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it if the actions involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of

---

[1]    Unless stated otherwise, DaRosa and Lyle use the following conventions herein: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

[2]    The Actions are as follows: (1) *Potts v. Weight Watchers International, Inc, et al.*, No. 1:19-cv-02005-WHP (the "*Potts* Action"), which was commenced on March 4, 2019; and (2) *Jubelt v. Weight Watchers International, Inc, et al.*, No. 1:19-cv-02528-WHP (the "*Jubelt* Action"), which was commenced on March 21, 2019.

§§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and its officers.  As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA which requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Actions "as soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of $171,645.62, DaRosa and Lyle, who are married, have the largest financial interest in the litigation of any movant.  DaRosa and Lyle also satisfy Rule 23's typicality and adequacy requirements.  DaRosa's and Lyle's claims are typical of the Class's claims because they suffered losses on their Weight Watchers investments as a result of the defendants' false and misleading statements.  Further, DaRosa and Lyle have no conflict with the Class and will adequately protect the Class's interests given DaRosa and Lyle's significant stake in the litigation and their conduct to date in prosecuting the litigation, including their submission of the requisite certifications and selection of experienced class counsel.  Accordingly, DaRosa and Lyle are the presumptive Lead Plaintiffs.

Lastly, if appointed Lead Plaintiffs, DaRosa and Lyle are entitled to select, subject to the Court's approval, lead counsel to represent the putative Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  DaRosa and Lyle have engaged the Faruqi Firm for this purpose.  The Faruqi

Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, DaRosa and Lyle's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Weight Watchers is a subscription-based weight loss program headquartered in New York, NY. *Potts*, Complaint For Violations Of The Federal Securities Laws ¶6, ECF No. 1 ("*Potts* Compl."); *Jubelt*, Class Action Complaint For Violations Of The Federal Securities Laws ¶6, ECF No. 1 ("*Jubelt* Compl."). Weight Watchers' common stock trades on the NASDAQ stock exchange under the symbol "WTW." *Potts* Compl. ¶6; *Jubelt* Compl. ¶6.

The Actions allege that during the Class Period, defendants knowingly and/or recklessly made statements regarding subscriber and revenue growth while failing to disclose that: (1) Weight Watchers was experiencing diminished subscriber demand attributable to the onslaught of new competing smartphone fitness apps, meal-delivery services, and other technological advances, which was driving down the Company's new subscriber growth and subscriber retention rates; (2) due to the diminished subscriber growth and greater than normal subscription lapses, it was highly unlikely that Weight Watchers would retain four million subscribers by the end of 2018; (3) Weight Watchers was not on track to grow its subscriber count to five million or drive annual revenues to more than $2 billion by the end of 2018; (4) a decreased subscriber count would result in decreased revenues and profits. *Potts* Compl. ¶¶15-39; *Jubelt* Compl. ¶¶15-39. As a result of the foregoing, defendants' statements regarding Weight Watchers' business metrics and financial prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Potts* Compl. ¶39; *Jubelt* Compl. ¶39.

On February 26, 2019, the truth emerged when Weight Watchers issued a press release and conducted a conference call revealing, *inter alia*, that the Company's subscriber count had declined again in the fourth quarter of 2018, and that enrollment would continue to decline during 2019. *Potts* Compl. ¶40; *Jubelt* Compl. ¶40. The Company also disclosed that it was now targeting revenues of only $1.4 billion for 2019, well below the $1.7 billion it had previously projected for the year. *Id.* On this news, the price of Weight Watchers' common stock fell from a close of $29.57 per share on February 26, 2019, to close at $19.37 per share on February 27, 2019, a decline of more than 34%, on unusually high trading volume. *Potts* Compl. ¶42; *Jubelt* Compl. ¶42.

Through the Actions, DaRosa and Lyle seek to recover for themselves and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

**ARGUMENT**

**I.     THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve a common question of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y.

4

2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at \*2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law.  The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants.  The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of Weight Watchers securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

## II.    DAROSA AND LYLE SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.    The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

5

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Foley*, 272 F.R.D. at 127 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also Tronox*, 262 F.R.D. at 343-44 (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted but only upon **proof** by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272 F.R.D. at 127.

### B.    Under the PSLRA, DaRosa and Lyle Should Be Appointed Lead Plaintiff

As discussed below, DaRosa and Lyle should be appointed Lead Plaintiffs because all of the PSLRA's procedural hurdles have been satisfied, DaRosa and Lyle hold the largest financial interest of any movants, and DaRosa and Lyle otherwise satisfy Rule 23's typicality and adequacy requirements.

### 1.    DaRosa and Lyle Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions was required to publish notice within twenty (20) days of its filing.  Counsel for first-filed plaintiff Karen Potts published notice of the lead plaintiff deadline via *Business Wire* on

March 4, 2019.  *See* Ex. 1; *see also Stoopler v. Direxion Shares ETF Trust*, No. 09 Civ. 8011 (RJH), 2010 WL 3199679, at *2 (S.D.N.Y. Aug. 12, 2010) (finding publication in *Business Wire* sufficient to satisfy the PSLRA's notice requirement).  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before May 3, 2019).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, DaRosa and Lyle's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, DaRosa and Lyle timely signed and submitted the requisite lead plaintiff certifications, identifying all of their relevant Weight Watchers trades during the Class Period, and detailing their suitability to serve as Lead Plaintiffs in this case.  *See* Ex. 2.  The PSLRA's procedural requirements have therefore been met.

### 2. DaRosa and Lyle Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person who possesses the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to which methodology courts are to use to determine which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of total shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the investor.  *See Foley*, 272 F.R.D. at 127-28; *In re GE*, 2009 WL 2259502, at *3.  Courts have placed the most emphasis on the last of these four factors: the

approximate loss suffered by the investor. *See, e.g.*, *Foley*, 272 F.R.D. at 128; *In re GE*, 2009 WL 2259502, at *4.

Overall, during the Class Period, DaRosa and Lyle purchased 1,730 net shares and 28,330 total shares of Weight Watchers stock, 15 net and total Weight Watchers call options, expended $212,369.55 in net funds, and suffered losses of $171,645.62 when calculated using a last in, first out ("LIFO") methodology consistent with the loss causation limitations set forth in *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005). *See* Ex. 3. DaRosa and Lyle are presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.      DaRosa and Lyle Meet Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the class representative requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). However, when assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where a class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the claims of the class representative need not be identical to those of all members of the class." *Blackmoss*, 252 F.R.D. at 191; *In re Orion Sec. Litig.*, No. 08

8

Civ. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

DaRosa's and Lyle's claims are typical of the Class's claims. DaRosa and Lyle purchased Weight Watchers securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and assert claims against Weight Watchers and certain of its officers under the federal securities laws. Because the factual and legal bases of DaRosa's and Lyle's claims are similar, if not identical, to those of the Class's claims, DaRosa and Lyle necessarily satisfy the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at \*3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at \*5

9

(Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in their certifications, DaRosa's and Lyle's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's lead plaintiff certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

DaRosa and Lyle have also selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. 4. Consequently, DaRosa and Lyle are more than adequate to represent the Class and have every incentive to maximize the Class's recovery.

In light of the foregoing, DaRosa and Lyle respectfully submit that they are the presumptive Lead Plaintiffs and should be appointed as Lead Plaintiffs for the consolidated Actions.

## III.    DAROSA AND LYLE'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the putative Class, subject to the Court's approval. DaRosa and Lyle have selected the Faruqi Firm to be Lead Counsel. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. 4; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and

10

noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel, obtained preliminary approval of a $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement, which represented approximately 36% of the recognized losses claimed by the class); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D.

Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (appointed as sole-lead counsel for the class).

## CONCLUSION

For the foregoing reasons, DaRosa and Lyle respectfully request that the Court (1) consolidate the Actions; (2) appoint DaRosa and Lyle as Lead Plaintiffs; (3) approve DaRosa

12

and Lyle's selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the

Court may deem just and proper.

Dated:  May 3, 2019                                 Respectfully submitted,

                                                    **FARUQI & FARUQI, LLP**

                                                    By:_____*/s/ Richard W. Gonnello*
                                                         Richard W. Gonnello

                                                    Richard W. Gonnello
                                                    Megan M. Sullivan
                                                    Sherief Morsy
                                                    685 Third Avenue, 26th Floor
                                                    New York, NY 10017
                                                    Ph: (212) 983-9330
                                                    Fx: (212) 983-9331
                                                    E-mail: rgonnello@faruqilaw.com
                                                            msullivan@faruqilaw.com
                                                            smorsy@faruqilaw.com

                                                    *Attorneys for [Proposed] Lead Plaintiffs Angelia*
                                                    *Maria DaRosa and Donald J. Lyle and [Proposed]*
                                                    *Lead Counsel for the putative Class*

13